**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| DANIEL BRUCE JONES, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:08-CV-130 (CDL) |
| | * | 42 U.S.C. § 1983 |
| CLAY COUNTY SHERIFF'S DEPARTMENT, *et al*., | * | |
| Defendants. | * | |

**ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL**

Plaintiff has filed the above styled Section 1983 action against the named Defendants. Plaintiff is also seeking leave to proceed without prepayment of the filing fee or security therefor. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account

until the $350.00 filing fee is paid in full.   In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Plaintiff's complaint contends that his constitutional rights were violated when he was kidnaped and arrested by the Clay County Sheriff's Department for burglary on August 31, 2002.  (R-1, Plaintiff's Complaint).  Plaintiff seeks restitution for losta wages and pain and suffering as well as release from prison.  (R-1, p. 6).

### Preliminary Review

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law.  *See*

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Conclusions of Law

After preliminary review, it appears that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff fails to allege that any constitutional rights have been violated since his conviction, but rather, merely makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to

this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 23rd day of September, 2008.

                                      S/ G. MALLON FAIRCLOTH
                                      UNITED STATES MAGISTRATE JUDGE

eSw